KELLEY *v.* McMINNIMAN & *Tr.*

The fact that a writ of foreign attachment was made, indorsed, and entered by the trustee as attorney of the plaintiff, no wrong being intended or committed, is not a cause for discharging the trustee on motion of the defendant; but such practice is irregular, and not to be encouraged.

FOREIGN ATTACHMENT. The trustee was an attorney, and, as such, made and indorsed the plaintiff's writ, and entered the action in court. There were funds of the principal defendant in the hands of the trustee. After the entry of the action the trustee withdrew his appearance as attorney of the plaintiff, and other counsel appeared. The principal defendant moved that the trustee be discharged. The court denied the motion, and the defendant excepted.

*Baker*, for the defendant.

*Colby*, for the plaintiff.

CLARK, J. It is contended that the trustee should be discharged because he made and indorsed the writ, and entered the action as the attorney of the plaintiff. There is no suggestion of fraud. The trustee is not now the attorney of the plaintiff, and it does not appear,

and is not claimed, that the rights of the principal defendant have in any way been prejudiced by the fact that the plaintiff's writ was made by him. It is admitted that there are funds of the principal defendant in the hands of the trustee, and his liability is determined by the state of facts existing at the time of his disclosure. *Smith* v. *Railroad & Trs.*, 33 N. H. 337.

But while it is apparent that the rights of the parties in this case have not been prejudiced, and that no impropriety was intended by the attorney who made the writ, we deem it our duty to say that such practice is irregular, and not to be encouraged.

*Exceptions overruled.*

BINGHAM, J., did not sit.